## A. J. TURPIN, ET AL., *v.* J. A. FUQUA, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—262.]

**Judicial Sale of Real Estate.**

The court will not order the whole of a lot to be sold where it is not necessary to pay the amount of a lien adjudged against it.

**Retaining Lien.**

A lien, valid against purchasers, may be retained to indemnify the grantor against an encumbrance on the land given in consideration of that conveyed by him.

**Vendor's Lien.**

While the release by the vendors of their lien on a portion of the property will not release it as to the residue, it cannot increase the burden on such residue.

### APPEAL FROM DAVIESS CIRCUIT COURT.

September 11, 1880.

OPINION BY JUDGE COFER:

As the judgment appealed from must be reversed on other grounds, it is not necessary to decide whether the cause was prematurely heard.

There is no sufficient description of the property in the pleadings or judgment. The court should not have ordered the whole lot to be sold, unless necessary to pay the amount of the lien adjudged against it. The suit was commenced before the present code went into effect, and, therefore, the provisions of Sub-sec. 2, Sec. 694, Bullitt's Code, do not apply. (See Section 837.)

We incline to the opinion that a lien valid against purchasers may be retained to indemnify the grantor against an encumbrance on the land given in consideration of that conveyed by him. The land so received stands in lieu of purchase-money, and the case is analogous to the payment for land in cash notes and a lien retained to secure the payment of the notes or to secure the liability of the assignor,— which has been repeatedly recognized by this court as valid, even against purchasers.

Nor do we perceive any valid objection to the substitution of the lot of appellants to be sold in lieu of the lot conveyed by Mitchell to Fuqua. Whatever burden rests upon the latter's lot must be borne by the lot he conveyed to Mitchell; and as the time when Mitchell was bound by the terms of the deed to remove the encum-

brances has passed, Fuqua had a right to proceed by action to ascertain the amount of encumbrance and have it removed, and the chancellor, to prevent multiplicity and circuity, will place the burden at once where it must ultimately rest.

The release by the vendors of their lien on a portion of the property did not release it as to the residue, but neither can it increase the burden on such residue. The lien attached to every part of the property equally according to its actual value, and, as the vendors cannot increase the burden upon any part by releasing their lien upon another part, no injury was done to one sub-purchaser by releasing the lien as to any other.

The commissioner found a balance of $1,337.96 to be due on the purchase price. This, however, is not quite correct. The Pottinger lot sold for about $595, but the vendors are only charged with $540, the balance being deducted for costs and the fees of attorneys. Only the legal costs should have been deducted. They had no right to reduce the amount of the credit by deducting the fee of their attorneys, and thereby to compel Mitchell or his vendees to pay it.

The receiver collected some rents, which he paid over to or for the vendors, and it is suggested that he may have collected an additional sum. These should be credited on the purchase-money. When these additional credits are ascertained and deducted from $1,337.96 the balance should be apportioned between the lots sold to Buckner, McHenry and Fuqua, and the Bailey lot, none of which have contributed any part of the money already paid. The apportionment to be according to their respective actual value, and for the amount so to be ascertained, chargeable to Fuqua's lot, judgment should be rendered against appellants' lot, the pleadings being first so amended as to describe the property.

Unless the value of the several lots named above is agreed upon, the cause should be referred to the master to take proof and report. We do not think the whole burden should be thrown upon the Bailey lot, even if it was sufficient to pay the balance due. Bailey bought it and paid a part of the purchase-money; the contract was rescinded, and for the purchase-money paid, Bailey has a lien which gives as good an equity as the appellants', and they have no right to insist upon casting upon that lot any greater burden than if the contract had not been rescinded.

Many other points are made in the elaborate brief of appellants' counsel, all of which have been considered, but it would extend this

opinion too much to respond to them all unless it was necessary to a proper decision of the cause. We have passed upon the points which seem to us to be important to a correct decision. Under the circumstances of the case the order confirming the sale should also be reversed.

There should be no judgment for costs, in this court, except against Anthony's heirs, viz.: Barbara and Nora Anthony, and Taylor and wife.

Judgment and order of confirmation *reversed* and cause remanded for further proper proceedings.

*Riley, Jolly & Walker, for appellants.*

*Weir & Son, for appellees.*